UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOARD OF TRUSTEES OF THE
MICHIGAN REGIONAL COUNCIL OF           Case No. 13-cv-10416
CARPENTERS EMPLOYEE BENEFIT
FUND, f/k/a The Carpenters Pension      Paul D. Borman
Fund Trust - Detroit and Vicinity,      United States District Judge

          Plaintiff,

v.

BLUE CROSS AND BLUE SHIELD
OF MICHIGAN,

          Defendant.
_____/

OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO LIFT STAY OF
PROCEEDINGS AND/OR FOR RECONSIDERATION (ECF NO. 22)

On August 13, 2013, this Court granted Defendant Blue Cross and Blue Shield of Michigan's ("BCBSM") Motion for Stay Pending Appeal. (ECF No. 21, Order Granting Motion to Stay.) On August 27, 2013, Plaintiff filed a Motion to Lift Stay of Proceedings and/or For Reconsideration. (ECF No. 22.) For the reasons that follow, Plaintiff's motion is DENIED.

Motions for reconsideration are governed by E.D. Mich. LR 7.1(h)(3), which states in pertinent part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable,

1

manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001). "A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted." *Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). "A motion for reconsideration should not be used liberally to get a second bite at the apple, but should be used sparingly to correct actual defects in the court's opinion." *Oswald v. BAE Industries, Inc.*, No. 10-cv-12660, 2010 WL 5464271, at *1 (E.D. Mich. Dec. 30, 2010). *See also Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010) ("It is an exception to the norm for the Court to grant a motion for reconsideration. . . . [A]bsent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided.").

Plaintiff's motion merely presents issues already ruled upon by this Court, and by a multitude of other courts in this District. As this Court noted in its August 13, 2013 Opinion and Order granting a stay of this matter, over twenty other courts in this District have paused litigation of these disputed fees cases pending the outcome of the appeal in *Hi-Lex Controls, Inc. v. Blue Cross Blue Shield of Michigan*, No. 11-cv-12557, 2013 WL 2285453 (E.D. Mich. May 23, 2013) (Roberts, J.), *appeal docketed*, Nos. 13-1773, 13-1859 (6th Cir. June 25, 2013). Plaintiff offers no rationale in the motion for reconsideration, nor did Plaintiff do so in its response to the motion to stay, for treating this case differently from the many other in this District that have been stayed pending the outcome of the *Hi-Lex* appeal.

Plaintiff's motion for reconsideration continues to press the argument, made in its initial response, that the Sixth Circuit's decision in *Pipefitters 636 Ins. Fund v. Blue Cross and Blue Shield*

*of Michigan*, 722 F.3d 861 (6th Cir. 2013) supports lifting the stay in this case. As Judge Cleland observed in *Baker College and Subsidiaries Health Ins. Plan v. Blue Cross and Blue Shield of Michigan*, Plaintiff's reliance on *Pipefitters* "is just an attempt to litigate the *Hi-Lex* appeal here." No. 13-cv-13226 (E.D. Mich. Sept. 11, 2013) (ECF No. 12, Order Granting Stay). Other courts in this District have continued, post-*Pipefitters*, to enter stays in these disputed fee cases. *See, e.g. Board of Trustees of the Sheet Metal Workers' Local Union No. 80 Insurance Trust Fund v. Blue Cross and Blue Shield of Michigan*, No. 13-cv-10415 (E.D. Mich. Aug. 12, 2013) (ECF No. 20, Opinion and Order Granting Defendant's Motion for Stay Pending Appeal); *Wade Trim, Inc. and Wade Trim Welfare Benefit Plan v. Blue Cross and Blue Shield of Michigan*, No. 13-cv-11834, (E.D. Mich. July 23, 2013) (ECF No. 19, Order Granting Motion for Stay Pending Appeal).

The Court also rejects Plaintiff's alternative request that the stay be lifted to permit limited discovery. Permitting the discovery sought by Plaintiff has the potential, depending upon the outcome of the *Hi-Lex* appeal, to result in a waste of both the Court's and the parties' time and resources. Importantly, in *Dykema Excavators, Inc. v. Blue Cross & Blue Shield of Michigan*, No. 13-cv-12151 (E.D. Mich. 2013), relied upon by Plaintiff in the motion for reconsideration as the singular example of a disputed fee case that allegedly was proceeding with discovery, Judge Lawson has now granted BCBSM's motion to stay and has entered a stay and administratively closed that case, citing the very same reasons relied upon by this Court in granting a stay in this case and relied upon by over twenty other courts in this District in granting similar stays: "[A] stay is warranted in the interest of judicial economy, because the issues on appeal in *Hi-Lex* [including the statute of limitations] will substantially affect the outcome in this case." *Dykema Excavators*, No. 13-cv-12151, (E.D. Mich. Oct. 29, 2013) (ECF No. 15, Order Granting Motion for Stay and

Administratively Closing Case).

Plaintiff's motion for reconsideration presents issues already ruled upon by the Court and fails to demonstrate a palpable error. The Court affirms its earlier ruling that a stay pending exhaustion of the appeals process in *Hi-Lex* is appropriate and will not pose substantial delay and/or prejudice to Plaintiff. Accordingly, the Motion to Lift Stay and/or for Reconsideration is DENIED. IT IS SO ORDERED.

                                    s/Paul D. Borman
                                    PAUL D. BORMAN
                                    UNITED STATES DISTRICT JUDGE

Dated: November 4, 2013

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 4, 2013.

                                    s/Deborah Tofil
                                    Case Manager